UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUENTIN C. LASTER,

       Plaintiff,                    Case No. 06-13508

v.                                      District Judge Marianne O. Battani
                                          Magistrate Judge R. Steven Whalen

DR. GEORGE PRAMSTALLER, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Defendant Paul Piper's June 1, 2007 *Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and 42 U.S.C. §1997e* [Docket #29], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons set forth below, I recommend that Defendant's motion be GRANTED as to Grievance no. RRF-04-04-00411-12z, Grievance no. RRF-04-04-00423-28a, and Grievance no. JMF-04-09-01956-12d2 and DENIED as to Grievance no. RRF-04-04-0387-12z.[1]

---

[1] In Plaintiff's response brief, he discusses violations of the Americans with Disability Act, 42 U.S.C. §12101 *et. seq.* ("ADA"). *Docket #32.* In turn, Defendant Piper's reply brief raises an argument for dismissal of ADA claims. *Docket #35.* The Court will omit discussion of this argument. "Arguments raised for the first time in a reply brief are generally not considered." *Ryan v. Hazel Park,* 2007 WL 1174906, *7 (E.D.Mich.,2007)(Battani, J.); *Wright v. Holbrook,* 794 F.2d 1152, 1156 (6th Cir.1986). *See also, In re Hood* 319 F.3d 755, 760 (6th Cir. 2003) *citing to Wright,* 794 F.2d at 1156 (consideration of arguments first raised in reply briefs is inappropriate 'when resolution of the issue is not obvious.'")

## I. BACKGROUND FACTS[2]

Plaintiff, a Michigan Department of Corrections ("MDOC") inmate, filed suit *pro se* on August 3, 2006, alleging violations of his First, Eighth, and Fourteenth Amendment rights by Defendants, pursuant to 42 U.S.C. §1983. Plaintiff alleges that Defendant Piper was deliberately indifferent to his medical needs by denying him treatment and medication both before and after his October 2004 hip surgery. *Complaint* at ¶¶17, 27, 29, 33, 39, 76, 81.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

## III. EXHAUSTION

---

[2] Plaintiff submitted a 338-page complaint. This Court will cite to the complaint's factual allegations by paragraph number in the conventional manner, but for ease of reference, will cite to *exhibit* pages as numbered in the electronic database. Example: *Docket #1-4*, pg. 49 of 50.

### A. General Principles

Under 42 U.S.C. §1997e, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." Under the statute, exhaustion is mandatory, and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 984, 152 L.Ed.2d 12(2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 819, 149 L.Ed.2d 958 (2001).

However, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock,* --- U.S. ----, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Under *Jones*, it is Defendant's burden to assert non-exhaustion as an affirmative defense. *Id*. at 921.

Nonetheless, a claimant must comply with state administrative procedures before filing suit. *Woodford v. Ngo,* — U.S. ----, 126 S. Ct. 2378, 2386, 165 L.Ed.2d 368 (2006); *Jones v. Bock*, 127 S.Ct. at 922-23. For example, while the PLRA does not itself carry a requirement that a defendant be specifically named in a grievance, the MDOC grievance policy, described below, does. Thus, while failure to name a defendant in a grievance would not be a direct violation of the PLRA, it would nonetheless mandate dismissal if it was a violation of state procedural requirements. *Id.*

### IV. THE MDOC GRIEVANCE PROCESS

The MDOC provides prison inmates a detailed procedure for bringing forward

complaints, which is set forth at MDOC Policy Directive (PD) 03.02.130. This grievance procedure consists of four acts an inmate must undertake prior to seeking judicial review, each with specific time limits. First, within two business days after becoming aware of a grievable issue, the inmate must attempt to verbally resolve the dispute with those involved. If such an attempt is not possible, or if it is unsuccessful, the inmate must then file a Step I grievance form within five days. The prison staff is required to respond in writing within 15 days, unless an extension is granted by the grievant. If the inmate is not satisfied with the response, he must request a Step II appeal form within five days, and has an additional five days to file it.

If the inmate is dissatisfied with the result at Step II, he or she has ten business days to appeal to Step III. The Step III appeal is handled by the MDOC Director or his designee at the Prisoner Affairs Section, Office of Program Services, in Lansing, Michigan. The Step III response concludes the standard administrative process. However, the Policy Directive also provides that in special cases, such as where an inmate alleges racial discrimination or staff brutality or corruption, an inmate may file a grievance directly to Step III. Upon receipt of a grievance filed directly at Step III, the Prisoner Affairs Section will either respond directly to the grievance, request an investigation, or return the grievance to the inmate with instructions to file it at Step I and follow the complete appeal procedure.

Under the current version of P.D. 03.02.130, a grievance must be specific as to dates, times, places and names of the persons involved.

## V. ANALYSIS

Defendant Piper argues that dismissal is appropriate because Plaintiff failed to exhaust his administrative remedies before filing suit. *Docket #29.* Citing *Woodford v. Ngo, supra,* 126 S. Ct. at 2386, he argues that the grievances submitted are non-compliant with MDOC's administrative procedure. *Docket #29*; MDOC Policy Directive 03.02.130. Dr. Piper argues that the four grievances at issue did not name him or failed in some other manner to adhere to MDOC policy.

**A. Grievance No. RRF-04-04-00411-12z**

Defendant's brief is accompanied by Plaintiff's Step I form for Grievance no. RRF-04-04-00411-12z showing that Plaintiff did not name him. *Docket #29,* Exhibit A. Therefore this grievance is unexhausted as to Defendant Piper. "[E]xhaustion is not per se inadequate [under the PLRA] simply because an individual later sued was not named in the grievances." *Okoro v. Hemingway,* 481 F.3d 873, 874 (6th Cir. 2007) *(citing Jones v. Bock, supra,* S.Ct. at 921, 923-25, 166). However, if such a requirement is written into the prison's administrative procedures, compliance is mandatory if a defendant is to be considered exhausted. *Jones v. Bock, supra; Woodford v. Ngo, supra*. Because current MDOC policy states that the "[d]ates, times, places and names of all those involved in the issue being grieved are to be included," Plaintiff's April 7, 2004 grievance cannot be used to show exhaustion of the claims against Defendant Piper.[3] MDOC Policy Directive

---

[3]Although as discussed *infra*, at Section **D.**, "failure to treat" allegations against Defendant Piper for the period between March 14, and April 4, 2004 are properly exhausted in Grievance no. RRF-04-04-0387-12z.

03.02.130.

**B. Grievance No. RRF-04-04-00423-28a**

Defendant Piper acknowledges that he was named in Grievance no. RRF-04-04-00423-28a, filed on April 9, 2004, which pertains to events occurring between April 3 and April 8, 2004. *Docket #1-3*, pgs. 9-12 of 50. However, Defendant, noting that this grievance was rejected by reviewing staff because it was duplicative of Grievance no. RRF-04-04-00411-12z (above), argues that Plaintiff's non-compliance with MDOC's exhaustion requirements mandates dismissal.

Because Plaintiff named Defendant Piper in a grievance duplicating issues raised in a previous grievance, RRF-04-04-00423-28a cannot be used to prove exhaustion. Claims contained in grievances rejected as duplicative under MDOC Policy Directive 03.02.130 G(1) (even if pursued to a Step III denial) are deemed unexhausted. *Boone v. Fighter,* 2007 WL 2694321 *7 -8 (E.D.Mich.2007); *See also Kinard v. Rubitschun,* 2007 WL 655309, *8 (E.D.Mich.2007). Because the second grievance referred to the same underlying events as the first, the MDOC was entitled to reject it as duplicative, even though Defendant Piper was omitted from the earlier grievance *Id.* Because this grievance is duplicative and thus non-compliant with MDOC's requirements, it fails to show exhaustion. *Woodford, supra,* 126 S.Ct. at 2386.

**C. Grievance No. JMF-04-09-01956-12d2**

Defendant contends that the claims against him found in Grievance no. JMF-04-09-01956-12d2 should be dismissed based on Plaintiff's failure to name him at Step I of the

procedure. This grievance, stamped with a "received date," of September 17, 2004 omits any mention of Defendant Piper.[4] Pursuant to MDOC Policy Directive 03.02.130, Plaintiff's failure to name Defendant Piper at Step I mandates dismissal of these claims.

### D. Grievance No. RRF-04-04-0387-12z

Defendant acknowledges that he was named at Step I of Grievance no. RRF-04-04-0387-12z, but argues that this claim should be dismissed because it "seems to be against the nurses and Health Unit Manager for not providing [Plaintiff's] current prescription medication for pain[] and ignoring his kites." *Docket #29* at 6. Defendant also notes that although the grievance also complained of Plaintiff's inability to receive a medical examination, he is not responsible for scheduling patients. *Id*. Defendant argues that pursuant to *Woodford, supra,* this grievance is "invalid" under MDOC policy. *Docket #29* at 7. Defendant appears to contend, independent of his "exhaustion" argument, that the grievance's deficiencies also require the court to dismiss the allegations pursuant to Fed. R. Civ. P. 12(b)(6).

I disagree that Grievance no. RRF-04-04-0387-12z is inadequate under either the MDOC grievance policy or Fed. R. Civ. P. 12(b)(6). Plaintiff's Step I statement claims that Defendant ignored multiple requests for an examination and denied him pain medication resulting in "debilitating pains" and "mental anguish." *Docket #1-2*, pg. 47 of 50; *Docket*

---

[4]Plaintiff did mention Defendant Piper in a later submission dated October 3, 2004, but states only that Piper discontinued a medication that was creating digestive problems. *Docket #1-4*, pg. 18 of 50.

*#29-3*, pg. 12 of 12.  "[A] grievant need only 'object intelligibly to some asserted shortcoming' and need not 'lay out facts, articulate legal theories, or demand particular relief'". *Davison v. MacLean,* 2007 WL 1520892, *5 (E.D.Mich. 2007)(Cohn, J.); *citing to Burton v. Jones,* 321 F.3d 569, 575 (6th Cir.2003), *abrogated on other grounds by Jones v. Bock, supra.*

More obviously, the Step II grievance response indicates that the MDOC properly construed the claim as faulting Defendant Piper for an alleged failure to provide Plaintiff with adequate treatment for a hip condition, interpreting the grievance to allege that Dr. Piper "fail[ed] to [assure] that . . . Ultram is given," and ignored multiple medical kites, resulting in physical and mental trauma.  *Docket #1-3*, pg. 2 of 50.

Grievance no. RRF-04-04-0387-12z clearly sets forth allegations against Piper to the extent necessary to exhaust his administrative remedies of the claims pertaining to his medical treatment between March 14 and April 4, 2004.  Plaintiff has properly exhausted claims against Defendant Piper that flow out of this grievance.

## IV.  CONCLUSION

For the reasons set forth above, I recommend that Defendant's motion to dismiss [Docket #29] be DENIED as to claims exhausted in Grievance  no. RRF-04-04-0387-12z, that is, claims pertaining to Plaintiff's medical treatment between March 14 and April 4, 2004.  In all other respects, I recommend that the motion to dismiss be GRANTED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen  
R. STEVEN WHALEN  
UNITED STATES MAGISTRATE JUDGE

Dated: January 16, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 16, 2008.

            S/G. Wilson
            Judicial Assistant