UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUENTIN C. LASTER,

       Plaintiff,                   Case No.  06-13508

v.                                District Judge John Marianne O. Battani
                                     Magistrate Judge R. Steven Whalen

DR. GEORGE PRAMSTALLER, et al.,

       Defendants.

_____/

### ORDER CONSTRUING "MOTION TO DISMISS FOR FAILURE TO PROSECUTE" AS A MOTION TO COMPEL DISCOVERY, AND GRANTING THE SAME

Before the Court is Defendants' *Motion to Dismiss for Failure to Prosecute* [Docket #25]. The motion is premised on Plaintiff's failure to execute a release for his medical records. Although Defendants seek dismissal with prejudice under Fed.R.Civ.P. 41(b), they ask, in the alternative, that the Court order Plaintiff to provide his medical records.

Under *Knoll v. American Telephone & Telegraph Co.*, *supra,* a court should generally consider four factors in deciding whether to dismiss under Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered."

-1-

In the case of a *pro se* litigant, "the Court must take into consideration the difficulties an individual faces in bringing forward their case without the benefit of legal representation." *Bunting v. Hansen,* 2007 WL 1582236, *2 (E.D.Mich.2007).

In view of the *Knoll* factors, and with due regard to Plaintiff's *pro se* status, the Court is disinclined to consider the draconian sanction of dismissal with prejudice at this time.

Nevertheless, the Plaintiff claims a violation of his Eighth Amendment rights because of the Defendants' deliberate indifference to his medical needs. Thus, the Plaintiff has clearly put his medical condition in issue, and his medical records are discoverable. In order for Defendants to obtain those records, it is necessary for Plaintiff to sign a release. Defendants state that they previously sent a release to the Plaintiff, but have not received a signed copy. Therefore, the Court will treat the motion to dismiss [Docket #25] as a motion to compel discovery, and will grant said motion.

It also appears that Plaintiff is incarcerated in the MDOC under the name "Quentin Taylor" rather than "Quentin Laster."[1] Plaintiff's medical records would be in the custody of the MDOC, and therefore, to obtain the records, it would be necessary for Plaintiff to execute a release using the name under which he is incarcerated. Because the Offender Number is the same (180908), it is clear that Quentin Laster and Quentin Taylor are one in the same person.

---

[1] The State of Michigan Offender Tracking Information System (OTIS) shows that Plaintiff, MDOC Offender No. 180908, is incarcerated at the Cotton Correctional Facility under the name Quentin Taylor. In his complaint, as well as subsequent pleadings, Plaintiff uses the Offender No. 180908.

Accordingly, insofar as the Defendants' motion [Docket #25] requests dismissal, it is DENIED.

Further, the motion will be construed as a motion to compel discovery, and will be GRANTED.

Defendants shall send a new medical release to the Plaintiff, who shall sign and return it to counsel for Defendants within 14 days of receiving it. Plaintiff shall execute the release using the name "Quentin Taylor" or "Quentin Taylor, a/k/a Quentin Laster," with the Offender No. 180908.

Plaintiff's failure to sign the release and return it to Defendants' attorney, or to comply with any discovery order of this Court, may result in the imposition of severe sanctions under Rule 37 and/or Rule 41(b), including dismissal of this action with prejudice.

SO ORDERED.

S/R. Steven Whalen  
R. STEVEN WHALEN  
UNITED STATES MAGISTRATE JUDGE

Dated: January 17, 2008

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 17, 2008.

S/G. Wilson  
Judicial Assistant