**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

QUENTIN C. LASTER, #180908

    Plaintiff,

v.

GEORGE PRAMSTALLER, PATRICIA
CARUSO, VALORIE HAMMOND, DR.
CAMANN, DR. FAGHIHNIA, DR. PIPER,
RAYMOND D. BOOKER, TWILA
ESCHELMAN, JACKSON, R.N., MS.
WINGARD, and DR. SEETHA VADLAMUNDI,

    Defendants.

CASE NO. 06-13508
HON. MARIANNE O. BATTANI

_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

The Court has reviewed Magistrate Judge R. Steven Whalen's Report and Recommendation dated January16, 2008, and the parties' objections (Doc. Nos. 46, 47) and responses thereto. For the reasons that follow, the Court **ADOPTS** the Report and Recommendation and **REJECTS** the objections.

**I. INTRODUCTION**

Plaintiff, who is incarcerated, filed suit against various employees of the Michigan Department of Corrections (MDOC) on August 3, 2006. Plaintiff alleges that his First, Eighth, and Fourteenth Amendment rights have been violated through deliberate indifference to his medical needs. The allegations against Defendant Paul Piper include denial of treatment and medication before and after Plaintiff's October 2004 hip surgery. See Compl. at ¶¶ 17, 27, 29, 39, 76, and 81.

The Court referred all pretrial matters to Magistrate Judge Whalen on August 31, 2006. On June 1, 2007, Defendant Piper filed a motion for dismissal on two grounds: failure to exhaust and failure to state a claim.

In the R&R, the Magistrate Judge addressed four grievances relating to Piper: Grievance No. RRF-04-04-00411-12z, RRF-04-04-00423-28a, JMF-04-09-01956-12d2, and RRF-04-04-0387-12z relative to Piper's claim of exhaustion. He recommended the first three identified above be dismissed for failure to exhaust. Plaintiff objects. Defendant objects to the conclusion that the fourth grievance identified, RRF-04-04-0387-12z, is exhausted.

## II. STANDARD OF REVIEW

In cases where a Magistrate Judge has submitted a Report and Recommendation, and a party has properly filed objections to it, the district court must conduct a *de novo* review of those parts of the Report and Recommendation to which the party objects. 28 U.S.C. § 636(b)(1).

## III. ANALYSIS

The Prison Litigation Reform Act (PLRA) requires a prisoner to exhaust the administrative remedies available to him or her before bringing a claim under Section 1983. 42 U.S.C. § 1997e(a). In Woodford v. Ngo, 547 U.S. 89, 126 S.Ct. 2378 (2006), the Supreme Court held that the failure to "properly" exhaust bars suit in federal court. A plaintiff properly exhausts when he complies with the administrative agency's "critical procedural rules." Id., at 2386. In the absence of exhaustion, a prisoner cannot bring suit challenging prison conditions in this court. Id. The decision in Jones v. Bock,

___ U.S. __, 127 S.Ct. 910 (2007) (rejecting the Sixth Circuit's interpretation of the exhaustion requirements, holding that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints") did not modify this requirement. Consequently, compliance with prison grievance procedures is required by the PLRA to "properly exhaust." Although the level of detail necessary in a grievance to comply with the grievance procedures varies from system to system and claim to claim, the prison's requirements, not the PLRA, define the boundaries of proper exhaustion.

The Michigan Department of Corrections provides prisoners with a grievance procedure for bringing forward their concerns and complaints. See MDOC Policy Directive ("PD") 03.02.130. It details the steps that a prisoner must follow before filing a complaint in court. The policy directive is the standard by which to assess exhaustion.

Although Plaintiff objects to dismissal of three of the grievances filed, it is clear that they did not comply with the PD. His assertion that the requirement is contrary to law because the Americans With Disabilities Act, 42 U.S.C. § 12101 et seq. does not require exhaustion is unpersuasive. Different standards govern claims brought under different statutes. Likewise, Plaintiff's claim that the MDOC staff refused to process his claim for frivolous reasons to prevent court intervention is not properly before the Court. Accordingly, Plaintiff has presented no basis for modifying the recommendations advanced by the Magistrate Judge. The only grievance involving Dr. Piper that has been exhausted in accordance with PD 03-02.130 is RRF-04-04-0387-12z.

In his objection, Piper asserts that although he is mentioned in the body of RRF-04-04-0387-12z, the grievance is limited to scheduling matters, an activity in which he

3

has no involvement.  Piper notes that MDOC Policy Directive No. 03-04.100 makes clear that health care staff ascertains whether an appointment is needed.   Defendant concludes that his identification in the grievance fails to satisfy legal standards.

The Magistrate Judge considered and rejected this objection.  "Plaintiff's Step I statement claims that Defendant ignored multiple requests for an examination and denied him pain medication resulting in debilitating pains and mental anguish."  R&R at 7 (internal punctuation and citation omitted).  The grievance provided a sufficient basis for the MDOC to construe the claim against Piper.  In addition, the Magistrate Judge reviewed the governing PD and reasoned that the grievance was adequate, observing that a grievant need "only object intelligibly to some asserted shortcoming and need not lay out facts, articulate legal theories, or demand particular relief."  R&R at 8 (internal quotations and citations omitted).  Here, the Step II grievance response showed that the MDOC construed the claim as, among other things, faulting Piper for an "alleged failure to provide Plaintiff with adequate treatment for a hip condition."  Id.

Defendant's reliance on cases dismissing claims arising out of untimely grievances is misplaced.  Plaintiff's situation is not analogous, and the reasoning in those cases is not persuasive.  Accordingly, the Court agrees with the conclusion drawn in the R&R.

## IV.  CONCLUSION

Accordingly, Defendant's Motion to Dismiss is granted in part and denied in part.  The Court **ADOPTS** the Report and Recommendation in its entirety.

4

**IT IS SO ORDERED.**

             s/Marianne O. Battani
             MARIANNE O. BATTANI
             UNITED STATES DISTRICT JUDGE

DATED: February 15, 2008

**CERTIFICATE OF SERVICE**

 Copies of this Order were served upon counsel of record and Plaintiff on this date by ordinary mail and electronic filing.
             s/Bernadette M. Thebolt
              DEPUTY CLERK